# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 12, 2012

The Honorable Rob Eissler
Chair, Committee on Public Education
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0949

Re: Whether, under particular circumstances, a school district may, pursuant to section 22.011, Education Code, permit charities to participate in campaigns to solicit contributions (RQ-1031-GA)

Dear Representative Eissler:

You ask five questions regarding section 22.011 of the Education Code, which prohibits school districts from requiring or coercing school district employees to make charitable contributions.[1] You explain that school districts' implementation of section 22.011 has varied widely because of confusion over what constitutes "direct" and "indirect" coercion, both of which the statute prohibits. Request Letter at 1. Section 22.011 provides:

> (a)  A school district board of trustees or school district employee may not directly or indirectly require or coerce any school district employee to:
>
> (1)  make a contribution to a charitable organization or in response to a fund-raiser; or
>
> (2)  attend a meeting called for the purpose of soliciting charitable contributions.
>
> (b)  A school district board of trustees or school district employee may not directly or indirectly require or coerce any school district employee to refrain from:
>
> (1)  making a contribution to a charitable organization or in response to a fund-raiser; or

---

[1]See Letter from Honorable Rob Eissler, Chair, House Comm. on Pub. Educ., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 15, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

          (2)    attending a meeting called for the purpose of soliciting charitable contributions.

TEX. EDUC. CODE ANN. § 22.011 (West Supp. 2011).[2]

You first ask whether the statute prohibits a school district from authorizing charitable campaigns to be conducted as part of its operations. Request Letter at 1. Section 22.011 does not address the general authority of a school district to conduct a charitable campaign. Instead, it merely restricts a school district board of trustees' or district employees' conduct when soliciting charitable contributions. *See* TEX. EDUC. CODE ANN. § 22.011 (West Supp. 2011). Thus, in response to your first question, section 22.011 does not prohibit a school district from authorizing charitable campaigns to be conducted as part of its operations.

You next ask whether a school district may allow a charitable campaign representative to make a "non-coercive request" for donations at a meeting of school district personnel, including meetings where employees' attendance is compulsory. Request Letter at 2. Further, you specifically ask about a compulsory meeting held for some other principal purpose that also includes a presentation by representatives of a charitable campaign wherein donations are solicited. *See id.*

The plain language of section 22.011 prohibits a school district from requiring or coercing, whether directly or indirectly, either the attendance or nonattendance of employees at a meeting "called for the purpose of soliciting charitable contributions," regardless of how donations are actually solicited. TEX. EDUC. CODE ANN. § 22.011(a)(2), (b)(2) (West Supp. 2011). Section 22.011 specifies that the type of meeting to which the prohibition in subsections (a)(2) and (b)(2) applies is one that is "called for the purpose of soliciting charitable contributions." *Id.* To be sure, a meeting can have multiple purposes. Nothing in the plain language of section 22.011 suggests that the Legislature intended to limit the statute's application to meetings called *solely* for the purpose of soliciting charitable contributions. Indeed, when the Legislature wants to specify that a prohibition is limited to meetings with a singular purpose, it knows how to do so. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact law effectuating its intent); *see also* TEX. PROP. CODE ANN. § 209.014(h) (West Supp. 2011) (stating that an election committee of a property owners' association may call meetings of certain owners "for the sole purpose of electing board members"); TEX. TAX CODE ANN. § 313.025(d-1)(1) (West Supp. 2011) (authorizing the governing body of a school district to approve a certain tax relief application if it holds a public hearing "the sole purpose of which is to consider the application"). Thus, if *a* purpose of the meeting is to solicit charitable contributions—even if soliciting contributions is not the sole purpose of the meeting—then mandating attendance at such a meeting is prohibited by section 22.011(a)(2).

---

[2]Because all of your questions concern section 22.011, we limit our analysis to the construction of this statute and do not address other provisions that may impact your questions.

To fully answer your second question, we next examine the meaning of the terms "require" and "coerce," which are not defined in the Education Code. Similarly, the Code also does not define the terms "directly" or "indirectly." When a word is not defined by statute, we look to its plain meaning, beginning with the commonly understood definition. *See State v. K.E.W.*, 315 S.W.3d 16, 21–22 (Tex. 2010). The common understanding of "require" is "specify as compulsory" or "instruct or expect (someone) to do something." NEW OXFORD AMERICAN DICTIONARY 1447 (2001). To "coerce" means to "persuade (an unwilling person) to do something by using force or threats." *Id.* at 331. The term "directly" is defined as "with nothing or no one in between" while the term "indirectly" is defined as "not done directly; conducted through intermediaries." *Id.* at 483, 865. Thus, in response to your second question, under the plain language of the statute a school district may not, directly or through representatives of a charitable campaign, solicit donations at a meeting where employees' attendance is compulsory, instructed, expected, or forced in any manner if the solicitation of charitable donations is a purpose—even if not the sole purpose—of the meeting. On the other hand, if meeting attendance is strictly voluntary, nothing in the statute prohibits a presentation wherein a charity's representatives solicit donations. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 777 F.2d 1046, 1050–53 (5th Cir. 1985) (analyzing the predecessor to a similar provision in Education Code, now section 21.407,[3] providing that school districts may not "directly or indirectly require or coerce any teacher" to join any particular organization and rejecting the contention that the mention of an organization on campus during school hours would be seen as "coercion" to join that organization).

Because we use similar analysis to evaluate your third and fourth questions, we address them together. Citing section 22.011, you ask whether a district may "allow written or electronic materials soliciting charitable contributions to be distributed through internal mail or email systems." You also ask whether district personnel may "encourage employees in any way to contribute to a charitable campaign." Request Letter at 2. Section 22.011 does not address the general authority of a school district to regulate the use of school mail operations or email systems. Similarly, nothing in the plain language of section 22.011 prohibits school district officers from generally offering encouragement to district employees with respect to potential charitable donations. Thus, in response to your third and fourth questions, we conclude that section 22.011 does not prohibit a school district from sending solicitation materials or offering general encouragement as long as the school district and its officers neither make a contribution compulsory, nor instruct, expect, or force an employee to make—or refrain from making—a charitable contribution. However, because coercion can be subjective, offering general encouragement could rise to the level of coercive activity, depending on the facts of a particular situation. *Cf.* 34 TEX. ADMIN. CODE § 5.48(w)(1) (2011) (Comptroller of Public Accounts, Deductions for Contributions to Charitable Organizations) (defining "coercive activity" in connection with state employee charitable campaigns).

Finally, you ask whether section 22.011 permits "district personnel [to] collect charitable contributions on behalf of a charitable campaign if doing so could identify which employees

---

[3]*See* Act of May 27, 1995, 74th Leg., R.S., ch. 260, §§ 1, 58, 1995 Tex. Gen. Laws 2207, 2280, 2498 (enacting section 21.407 and repealing section 21.904 in the reenactment and revision of Education Code Titles 1 and 2).

participated." Request Letter at 2. Section 22.011 does not address the general authority of a school district to collect charitable donations on behalf of charitable campaigns. Nor does it expressly prohibit the identification of district employees who have contributed to a charitable campaign. However, to the extent that identifying employee donors could constitute requiring or coercing a charitable contribution—whether directly or indirectly—that particular approach to soliciting donations could be construed to run afoul of section 22.011, depending on the facts of the situation.

### S U M M A R Y

The plain language of section 22.011 of the Education Code does not prohibit school districts from authorizing charitable organizations to solicit donations from employees.

Under section 22.011, a school district may not, directly or through representatives of a charitable campaign, solicit donations during meetings wherein school district employees' attendance is compulsory, instructed, expected, or forced in any manner if the solicitation of charitable donations is a purpose of the meeting. Section 22.011's prohibition applies even if the solicitation of charitable contributions is not the sole purpose of the meeting. If meeting attendance is strictly voluntary, section 22.011 does not prohibit presentations soliciting charitable donations.

Nothing in section 22.011 prohibits charitable donation solicitation materials from being distributed, nor does it prevent district employees from being generally encouraged to participate in a charitable campaign as long as the school district does not make a contribution compulsory, or otherwise instruct, expect, or force an employee either to make—or refrain from making—a contribution in any manner.

To the extent that identifying employee donors could constitute direct or indirect coercion, section 22.011 could be construed to preclude that activity, depending on the facts of the situation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee